## Commonwealth ex rel. Bellefleur, Appellant, *v.* Bellefleur.

Argued December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William F. Sullivan, Jr.,* with him *Robert W. Lees,* and *Obermayer, Rebmann, Maxwell & Hippel,* for appellant.

*William P. Manning, Jr.,* with him *Wright, Spencer, Manning & Sagendorph,* for appellee.

OPINION PER CURIAM, March 23, 1971:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant-wife and the appellee-husband were separated after eighteen years of marriage. They are the parents of three children, all of whom reside with appellant. Appellee concedes his obligation to support his wife and children.

Appellee is employed as headmaster of the Pennsylvania School for the Deaf. He receives a net salary, after deductions for taxes and a retirement annuity, of $1,114 per month. In addition to his salary he receives, rent free, a fifteen room house in which he resides, food consumed at the house, business travel expenses, utilities, and some cleaning services.

Appellant earns $313 per month as a substitute teacher, since she cannot qualify for a full-time certificate without further study. She claims that her ex-

penses for the bare necessities of life are $732 per month.

After a hearing the court below entered an order requiring appellee to pay $500 per month for the support of appellant and the three children. Appellant has appealed on the ground that the court below abused its discretion in entering an order patently insufficient to enable her and the children to maintain a standard of living comparable to that maintained by the husband, even though he has ample income out of which to provide for his family.

As Judge MONTGOMERY ably summarized in *Commonwealth ex rel. Kallen v. Kallen,* 200 Pa. Superior Ct. 507, 508-509, 190 A. 2d 175, 176 (1963), "It is well settled that the purpose of a support order is to secure such an allowance to the wife and child as is reasonable, having in mind the husband's property and earning capacity and the station in life of the parties. The husband's ability to pay or capacity to earn is an important criterion in the determination of the support order. A wealthy father has a legal duty to give his children the advantages which his financial status indicates to be reasonable." (citations omitted)

In determining the earning capacity of the husband the court must consider not only his salary, but also the perquisites he receives from his employer. *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa. Superior Ct. 401, 189 A. 2d 324 (1963). In *Gutzeit* the husband being sued for support was owner and president of a small corporation. In this position he was able to charge off numerous personal luxuries as company expenses. The Court concluded that ". . . the charges made to the corporation by the defendant, even though they may be legal deductions for corporate income tax purposes, constitute substantial perquisites to the defendant. All these must be considered in determining

the defendant's earning capacity." Id. at 407-408, 189 A. 2d at 327. Cf. *Commonwealth v. Miller,* 202 Pa. Superior Ct. 573, 198 A. 2d 373 (1964).

In the instant case, the lower court, apparently crediting some confused testimony by appellee as to a pre-existing debt, concluded that all appellee could pay was $500 per month out of his $1,114 per month salary, "leaving no more than $275 a month for himself." Ignoring the arithmetical discrepancies, it is evident that appellee could pay considerably more than his $1,114 salary would indicate. He has few basic necessities which are not provided for by his employer. His salary is a true "net" figure, since the money he receives is almost all available for clothes, entertainment and luxuries.

The award of $500 per month, when added to appellant's meager salary, gave her only little more than enough to cover the bare necessities. The lower court gave the case attentive and patient consideration, but perhaps did not give enough weight to the maxim that the husband's obligation is not satisfied by furnishing only barely adequate support for his family. "If the husband-father can afford for himself a caviar-champagne standard of living, it is not justice, nor legal, that the wife should be content with a tent and bread-and-butter menu for herself and brood. Dignity of living, commensurate with income, is as much a necessity as the bare essentials for survival." *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387, 394, 237 A. 2d 181, 185 (1967).

Since the award by the lower court failed to take into account appellee's full earning capacity and to consider adequately the needs of the wife, I would reverse the order of the lower court and remand for proceedings consistent with this opinion.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.