## Commonwealth *v.* Waters, Appellant.

Argued September 29, 1971. Before JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Sallie Ann Radick,* Assistant Public Defender, with her *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert L. Campbell,* Assistant District Attorney,

and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, December 20, 1971:

Appellant in this case entered a plea of guilty to murder generally in open court and in the presence of counsel on February 26, 1963. The plea was entered and the degree of guilt hearing was held before Judge SOHN, specially presiding in Allegheny County. The court found him guilty of murder in the first degree, and imposed the sentence of life imprisonment. No direct appeal was taken. He subsequently filed a petition under the Post Conviction Hearing Act (PCHA), alleging: (1) that his guilty plea had been unlawfully induced because of a coerced confession; (2) that he had ineffective assistance of counsel, and (3) that he was denied his right of appeal. After a hearing in December of 1969, the petition was dismissed. On appeal, this court affirmed the hearing court's negative findings on two of the three issues, but found that appellant's right of appeal had been denied. Accordingly the right to appeal *nunc pro tunc* was granted. *Commonwealth v. Waters,* 441 Pa. 511, 273 A. 2d 329 (1971). Appellant was subsequently granted a right to file post-trial motions, which he did. These motions were denied and this appeal ensued.

The first of appellant's two contentions is that, since the record is silent concerning appellant's comprehension of his guilty plea, the Commonwealth has the burden of proving that the plea was knowingly entered and that the Commonwealth has failed to meet that burden. We do not agree.

Appellant's burden of proof argument is clearly without merit in this case for at least two reasons. First, this court has made clear that the burden of proving that a guilty plea was a knowing and intelli-

gent one in a silent record case is on the Commonwealth only in those cases *tried* after *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968). See also *Commonwealth v. Stromberg,* 440 Pa. 168, 269 A. 2d 741 (1970); *Commonwealth v. Duncan,* 437 Pa. 319, 263 A. 2d 345 (1970), and *Commonwealth v. Emerick,* 434 Pa. 256, 252 A. 2d 365 (1969). The burden of proof at the PCHA hearing, therefore, was properly on appellant.

Furthermore, regardless of who had the burden of proof, it is quite obvious to us on review of the PCHA record that appellant's plea was entered knowingly and intelligently. Appellant testified at the hearing that he knew he was pleading guilty; that trial counsel had informed him that he was charged with a homicide so that he entered the guilty plea on advice of counsel; and that the policeman who took his statement informed him that he was charged with murder. Appellant also acknowledged that counsel spoke to him in the courtroom and advised him to plead guilty to murder generally, and that counsel would try to have the court return a finding of murder in the second degree. Finally, appellant testified that although he did not know what second degree was, he stated that he guessed it "meant next to the electric chair" and that first degree would get him the electric chair. Appellant then stated that his sole reason for pleading guilty was to avoid the electric chair.

In light of the record made at the PCHA hearing we believe that the hearing judge had adequate reason to conclude that the plea of guilty was knowledgeable and voluntarily entered.

Appellant next contends that the Commonwealth's evidence was legally insufficient to invoke the felony-murder rule and thus raise appellant's degree of guilt from second to first degree. The evidence, according

to appellant, showed that appellant and his friends decided to harass a drunk, that appellant's codefendant punched the drunk and knocked him to the ground, and that appellant thereafter decided to take the victim's wallet. Appellant maintains that no evidence was presented that showed that he had formulated the intent to rob the drunk prior to the time the drunk was struck by the codefendant. Accordingly, appellant's argument is that the felony was not conceived until after his codefendant had struck the fatal blow.

We considered and expressly rejected this same contention in *Commonwealth v. Slavik,* 437 Pa. 354, 261 A. 2d 583 (1970). There we said: "This contention was recently considered and rejected by this court in Commonwealth v. Wilson, 431 Pa. 21, 244 A. 2d 734. In that case, a conviction of first-degree murder was sustained upon evidence that the defendant first stabbed the victim and then took the victim's wallet and emptied it. The Court, quoting from Commonwealth v. Hart, 403 Pa. 652, 170 A. 2d 850, said (page 28): 'Defendant's highly technical argument amounts to this: Unless the Commonwealth proves that the intention to commit a robbery was formed before the beginning of the fatal assault, the evidence cannot amount to a murder which was committed in the perpetration of a robbery. In other words, defendant would require a televised stop-watch in every robbery or felony-killing to prove that the felonious intent existed before the attack. . . .'" 437 Pa. at 357, 358.

Aside from the legal question, however, appellant's factual contention is without support in the record. The following statement by appellant is contained in his confession which was read into the record: ". . . After the dance was over we came on outside we stood out in the front and talked to some girls. After the girls left we saw this drunk coming down the street so

somebody said 'Let's go rob him.' So me, Craig and Melvin and Elmer, we walked down the street behind him. . . . Then somebody in the car said, 'Melvin and Billy go', so me and him went down the street and after we went down the street behind him the man turned around and he went in his pocket so Melvin walked around to the side of him and he hit him. The man fell, and I went in his pockets. Then I ran, I ran down the street."

Judgment of sentence affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.