Commonwealth, Appellant, *v.* Little.

Argued March 14, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Robert L. Campbell,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellant.

*John H. Corbett, Jr.,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellee.

*Bernard J. McGowan,* for Cyril H. Wecht, intervenor.

Opinion by Mr. Justice Pomeroy, January 24, 1974:

In this case, the Commonwealth has appealed from a final order in a proceeding under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. We are obliged to review the hearing judge's conclusion that the court which accepted appellee's guilty plea and handed down his sentence lacked jurisdiction in the case.

Appellee Robert Little was arrested on September 7, 1969 in connection with the death of one Fred Galloway. He was arraigned before Allegheny County Deputy Coroner Michael J. Cassidy on the same day. A preliminary hearing, at which Little appeared with counsel, was held before Deputy Coroner Cassidy on September 11th. Appellee was held for action by the Grand Jury, which returned indictments of murder, voluntary manslaughter, and involuntary manslaughter. On the advice of counsel, Little entered a general plea of guilty in the Allegheny County Court of Common Pleas, Criminal Division. He was adjudged guilty of murder in the second degree, and was sentenced to imprisonment for not less than ten or more than twenty years. No post-trial motions were filed nor was an appeal taken.

In his PCHA petition, appellee alleged that a statement obtained in the absence of counsel at a time when representation was constitutionally required was introduced in evidence against him; that he was denied his constitutional right to representation by competent counsel; and that his guilty plea was unlawfully induced. The post-conviction court did not pass directly on any of these allegations.[1] Instead, it granted the re-

---

[1] The lower court did state in its opinion that "[I]t is the opinion of the Court that the defendant has been denied his con-

lief requested on the basis of certain alleged irregularities in the proceedings prior to the entry of the plea which the court noticed sua sponte. Specifically, the hearing judge found that the proceedings before the deputy coroner were a nullity because coroners had been stripped of their power to act as committing magistrates by the Pennsylvania Constitution of 1968;[2] that

stitutional right to effective assistance of counsel because the record shows that he was denied certain constitutional rights which go to the very heart of the proceedings." Record 87a. We cannot sustain the order appealed from on the basis of this conclusion. A plea of guilty is "more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial. . . ." *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463 (1970). Thus Little's plea is in itself sufficient to sustain his conviction of murder in the second degree, *Commonwealth v. Robinson*, 450 Pa. 145, 299 A. 2d 220 (1973) ; *Commonwealth v. Dillinger*, 440 Pa. 336, 269 A. 2d 505 (1970), and waives all his nonjurisdictional defenses, *Commonwealth v. Allen*, 443 Pa. 447, 277 A. 2d 818 (1971). Little's present options are limited to attacking the validity of the plea and the legality of the sentence subsequently imposed, including, of course, the jurisdiction of the sentencing court. With the case in this posture, the question of the competency of counsel in the proceedings prior to the plea is relevant only to the basic question whether the plea was voluntarily and intelligently made. *Commonwealth v. Dennis*, 451 Pa. 340, 304 A. 2d 111 (1973). Here, however, it is clear that the lower court did not address itself to the validity of the plea, since it granted the relief requested on what it considered to be jurisdictional grounds.

2 The court below gave careful consideration to the treatment of the powers of a coroner to act as a committing magistrate contained in the plurality opinion of this Court in *Commonwealth v. Sullivan*, 446 Pa. 419, 286 A. 2d 898 (1971), but noted that the opinion and the cases therein relied on were with respect to proceedings instituted prior to the effective date of the new Article V of the Constitution of Pennsylvania, adopted in 1968, and concluded that a coroner (who is no longer a constitutional officer) is not part of the "unified judicial system" created by that article. In view of our decision today, there is no need for us to consider this point or the others raised by the lower court, and we express no opinion on them.

the exercise of this power by coroners offends due process of law and denies defendants equal protection of the laws; that the return of the coroner's inquest was defective, and in any event formed an insufficient basis for an indictment; that the absence of a criminal complaint from the record voided all subsequent proceedings; and that the record failed to show adequate notice to the defendant of the particular grand jury to which his bill of indictment would be submitted. Little was ordered to be released from custody and discharged. This appeal by the Commonwealth followed.[3]

We think the learned hearing judge was mistaken in holding that the court was without jurisdiction to entertain appellant's plea of guilty. It goes without saying that jurisdiction is of two sorts: jurisdiction of the subject matter in the case, and jurisdiction of the parties involved. An objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court on its own motion. *Daly v. School District of Darby Township,* 434 Pa. 286, 252 A. 2d 638 (1969), 21 Am. Jur. 2d, Criminal Law §379 (1968). The familiar axiom that a guilty plea waives all nonjurisdictional issues, *Commonwealth v. Allen,* 443 Pa. 447, 277 A. 2d 818 (1971), is merely a reflection of this general principle. Jurisdiction of the person, on the other hand, may be created by the consent of a party, who thereby waives any objection to defects in the process by which he is brought before the court. *Crown Construction v.*

---

[3] The order of court provided that it would not become effective for sixty days, and that an appeal by the Commonwealth would act as an automatic supersedeas. Thereafter, the Commonwealth filed a petition to amend the record and vacate the order of discharge, and the court then suspended its previous order pending disposition of said petition. After argument that petition was denied, the effect of which was to lift the suspension of the prior order. This appeal was timely taken thereafter.

*Newfoundland American Insurance Co.,* 429 Pa. 119, 239 A. 2d 452 (1968); *Neifeld v. Steinberg,* 438 F. 2d 423 (3d Cir. 1971); 21 Am. Jur. 2d, Criminal Law §379 (1968). We have no doubt that a plea of guilty constitutes a waiver of jurisdiction over the person of the defendant.

Turning, then, to subject-matter jurisdiction, our initial inquiry is directed to "the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs". *Cooper-Bessemer Co. v. Ambrosia Coal & Construction Company,* 447 Pa. 521, 524, 291 A. 2d 99, 100 (1972); *Jones Memorial Baptist Church v. Brackeen,* 416 Pa. 599, 602, 207 A. 2d 861 (1965). In the case at bar the competency of the Court of Common Pleas of Allegheny County, acting through its criminal division, to try a charge of murder and manslaughter is clear beyond question.[4] But to invoke this jurisdiction, something more is required; it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause; it also enables the trial court to pass on the sufficiency of the facts alleged in the indictment or information to support a conviction. The right to formal notice of charges, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is so basic to the fairness of subsequent proceedings

---

[4] The courts of common pleas of each judicial district of the Commonwealth are vested with "unlimited original jurisdiction in all cases except as may otherwise be provided by law". Constitution of Pennsylvania, Article V, Section 5(b). There has been no provision otherwise as to the Court of Common Pleas of Allegheny County. See Act of December 2, 1968, P. L. 1142, §1, 17 P.S. §235.1. (Supp. 1973).

that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court. *Albrecht v. United States,* 273 U.S. 1, 71 L. Ed. 505, 47 S. Ct. 250 (1927); *Commonwealth ex rel. Fagan v. Francies,* 53 Pa. Superior Ct. 278 (1913).

In the case before us, the requirement of notice to the defendant is fully satisfied by the indictment returned by the grand jury. Compare *Commonwealth ex rel. Moore v. Ashe,* 341 Pa. 555, 19 A. 2d 734 (1941); *Commonwealth ex rel. Franklin v. Russell,* 199 Pa. Superior Ct. 48, 184 A. 2d 342 (1962), *cert. denied,* 374 U.S. 851 (1963). Once the indictment was found, nothing else was needed to perfect the jurisdiction of the court which accepted Little's plea. Any doubt that the absence of a criminal complaint is not a defect affecting subject-matter jurisdiction was laid to rest in *Commonwealth v. Irby,* 445 Pa. 248, 284 A. 2d 738 (1971);[5] cf. *Commonwealth v. Krall,* 452 Pa. 215, 304 A. 2d 488 (1973). As for the attack on the proceedings before the deputy coroner, the guilty plea waived all questions of "the sufficiency or regularity of proceedings prior to the grand jury's true bill", including the right to any preliminary hearing at all. *Commonwealth ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 154, 115 A. 2d 912 (1955), *cert denied,* 350 U.S. 940 (1956). These points, as well as the other matters raised by the lower court, may not be considered for the first time after the defendant has performed the "grave and solemn act" of admitting in open court that he committed the acts charged in the indictment, and that plea has been accepted in accordance with the rules and decisions regarding guilty pleas. *Brady v. United States,*

---

[5] The court below attempted to distinguish *Irby* on the ground that in the case at bar defense counsel did not realize that no complaint had been filed. Counsel's subjective knowledge on this point, however, has no bearing on the question of jurisdiction.

397 U.S. 742, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970). Whether this plea was not voluntarily and intelligently made, as appellee contends, must be decided on our remand of the case to the hearing court.

The Commonwealth also asks us to review the denial of its petition to amend the record by the addition of documents purporting to be a criminal complaint sworn to before the deputy coroner on September 7, 1969, the recorded testimony at the preliminary arraignment held the same day, and the recorded testimony at the preliminary hearing held on September 11th. In view of our disposition of the case, we need not decide whether the petition was properly denied.

The order of the court discharging the appellant is reversed and the case is remanded to the post-conviction hearing court for further proceedings consistent with this opinion.

Mr. Justice ROBERTS, Mr. Justice NIX and Mr. Justice MANDERINO concur in the result.