J-A30033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN MICHAEL TEDESCO | |
| Appellant | No. 787 EDA 2016 |

Appeal from the Judgment of Sentence entered October 26, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0002228-2013

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 13, 2017**

Appellant, John Michael Tedesco, appeals from the judgment of sentence imposed on October 26, 2015 in the Court of Common Pleas of Monroe County following his convictions of third degree murder, neglect of care-dependent person, theft by unlawful taking, theft by failing to make required disposition of funds received, and tampering with/fabricating physical evidence.[1]  Appellant was also convicted of conspiracy[2] to commit each of the enumerated crimes, with the exception of tampering with physical evidence.  The trial court sentenced Appellant to an aggregate term

---

[1] 18 Pa.C.S.A. §§ 2502(c), 2713(a)(1), 3921(a), 3927(a), and 4910(1).

[2] 18 Pa.C.S.A. § 903.

of incarceration of not less than 183 months (15.25 years) and not more than 366 months (30.5 years). Appellant filed post-sentence motions that were denied by order of March 3, 2016. This timely appeal followed.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider three issues in this appeal, each of which was preserved in his Rule 1925(b) statement, as follows:

A. The convictions of Appellant should be overturned where the Appellant was never charged by information with certain of the charges of which he was convicted.

B. A new trial should be awarded where a juror was asleep during major portions of the trial, thereby making it impossible for him to sit as a fair and impartial juror based on the evidence presented at trial.

C. A new trial should be awarded where evidence was presented at trial which was not properly provided to the Appellant during pre-trial discovery.

Appellant's Brief at 5.

In his first issue, Appellant contends his conspiracy convictions, other than his conviction for conspiracy to commit neglect of a care-dependent person, should be overturned because those conspiracy charges "never appeared in any Information filed against him." Appellant's Brief at 14. Appellant is not entitled to relief on this issue.

---

[3] Appellant was tried, convicted, and sentenced with his wife, Tina Tedesco. Although their cases were joined for trial, they were convicted of the same crimes, and they received identical sentences, their appeals have not been consolidated. Ms. Tedesco's appeal is docketed at No. 1053 EDA 2016.

Initially, we note that Appellant has failed to cite any authority in his argument. While he does identify Pa.R.Crim.P. 560(D) as the relevant rule,[4] he does not provide any authority upon which his argument can be advanced. In fact, he does not even mention the standard of review this Court is to employ in assessing this issue, instead simply stating that "the [s]cope and [s]tandard of review in this matter is a question of the review of a trial court's evidentiary rulings," followed by a quote from a case involving admissibility of evidence. Appellant's Brief at 4. Failure to cite any legal authorities or develop any meaningful analysis warrants a finding of waiver for lack of development. *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (citations omitted); *see also* Pa.R.A.P. 2119(a). However, we will not find waiver in this instance.

Appellant's first issue is saved from waiver because it involves the trial court's subject matter jurisdiction, which cannot be waived. *Commonwealth v. Jones*, 929 A.2d 205, 208 (Pa. 2007) (citing *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974) ("An objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion.")). It is well established that the trial courts of this Commonwealth have subject matter jurisdiction over criminal proceedings such as

---

[4] Pa.R.Crim.P 560(D) provides, "[i]n all court cases tried on an information, the issues at trial shall be defined by such information."

conspiracy charges. *See, e.g., Little*, 314 A.2d at 272. However, it is equally well-established that for the trial court to invoke jurisdiction,

> it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause; it also enables the trial court to pass on the sufficiency of the facts alleged in the indictment or information to support a conviction. The right to formal notice of charges, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court.

*Id.* at 273 (citations omitted).

In his Summary of Argument, Appellant contends that the criminal information in this case identified only one count of conspiracy, "specifically Conspiracy to Neglect Care of a Dependent Person." Appellant's Brief at 9. He reasserts this contention in his Argument. Appellant's Brief at 13. Appellant argues that his conspiracy convictions for murder and theft cannot stand because the information did not include charges of conspiracy for those crimes. We disagree.

Appellant was charged under a six-count information that includes the following criminal conspiracy count:

> The District Attorney of Monroe County by this information charges [that on] or about January 1, 2009, through August 19, 2011, [Appellant] along with his wife, Tina Tedesco, did agree to keep the victim, Barbara Rabins, a dependant (*sic*) care person, in a place of seclusion or isolation and subject the said victim to the prolonged denial of adequate food, hydration, care and concern, all despite being under a legal obligation to care for the

victim. The victim died as a result. During the period of their control over the victim, [Appellant] and Tina Tedesco stole approximately $110,000.00 of the victim's finances."

Information, 10/10/13 at Count 3 (Criminal Conspiracy). Despite Appellant's argument to the contrary, the conspiracy count in the information addresses not only neglect, but also the victim's resultant death from the conspiracy. In addition, the count addresses the conspiracy to commit theft. Appellant's suggestion that the conspiracy charge was limited to the neglect charge is not supported either in the title of the count or in its content. Further, as the trial court notes, "[t]he information put [Appellant] on notice of the Commonwealth's intention to pursue prosecution of the[] several crimes of conspiracy. The defense failed to object to the information, the final charge to the jury or the verdict sheet which contained these charges." Trial Court Opinion, 3/3/16, at 16. Appellant's first issue fails for lack of merit.

In his second issue, Appellant claims he should be granted a new trial because a juror who slept through portions of the trial was unable to sit as a fair and impartial juror. As with Appellant's first issue, Appellant does not suggest any standard or scope of review for this issue. As to its merits, the trial court recognized:

> [Appellant] did not object to a sleeping juror during the trial and the record is silent about such a problem. I am not aware that a juror fell asleep during the trial. The court's practice is to have the tipstaves alert the court should such a problem occur. [Appellant] did not preserve this issue for appeal. Where a juror is allegedly sleeping, in order to preserve the issue for appeal, counsel must take the step of "specifically requesting the trial judge to take action to remedy the situation." ***Commonwealth***

> ***v. Strunk***, 953 A.2d 577, 581 (Pa. Super. 2008). As this was not brought to the attention of the [trial c]ourt to remedy the situation if the allegations were found to be true, the claim is not preserved[.]

***Id.*** at 22.

Appellant attempts to distinguish ***Strunk***, contending he was unable to request that the trial court remedy the situation because he did not learn of the sleeping juror until the trial had concluded. In light of the timing, he suggests, his first opportunity to raise the issue was in his post-trial motion. However, as the Commonwealth observes, even then Appellant did not identify the juror or provide affidavits from any witnesses who allegedly saw the juror sleeping. Commonwealth Brief at 15. While this juror supposedly slept through "major portions of the trial," Appellant does not say which parts. ***Id.*** We also note that Appellant does not offer any explanation as to why or how Appellant or his counsel failed to notice the slumbering juror. Appellant's complaint about a sleeping juror raised after trial concluded and the jury was dismissed does not provide any basis for the grant of a new trial. We find no error of law or abuse of discretion on the part of the trial court for rejecting Appellant's claim. Appellant's second issue fails.

In his third issue, Appellant argues that the trial court abused its discretion by denying a new trial in light of prosecution evidence admitted that was not properly provided to Appellant during pre-trial discovery. As a challenge to evidentiary rulings, this Court's standard of review "is limited to a determination of whether the trial court abused its discretion."

***Commonwealth v. Hernandez***, 39 A.3d 406, 411 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 1244 (Pa. 2013).

Appellant's evidentiary challenge is three-pronged. He claims the trial court improperly admitted physical evidence that was not disclosed by the Commonwealth in pre-trial discovery; permitted witness Jillian Viscardi to testify despite not being identified as a prosecution witness; and allowed expert testimony from a fact witness who was testifying in her capacity as director of nursing at a facility where the victim was treated. We shall address the three challenges separately.

With regard to items not disclosed by the Commonwealth, Appellant acknowledges that the "evidence was listed, generally, on evidence logs from search warrants [but] was not fully described, nor were copies of photographs of any of the evidence provided to [] Appellant." Appellant's Brief at 16. Appellant asserts that the use of the items, including notes written by the victim, items found in the victim's purse, and the victim's day book/scheduler, was prejudicial to Appellant and warrants a new trial.

As the trial court recognized, Pa.R.Crim.P. 573 (Pretrial Discovery and Inspection) "enumerates items that must be disclosed upon the defendant's request if they are material to the case, and provides that when applicable, the Commonwealth shall 'permit the defendant's attorney to inspect and copy or photograph such items.'" Trial Court Opinion, 3/3/16, at 17 (quoting Pa.R.Crim.P. 573(B)(1). Items to be disclosed include "any tangible objects,

- 7 -

including documents, photographs, fingerprints, or other tangible evidence." Pa.R.Crim.P. 573(B)(1)(f).

The joint trials of Appellant and his wife began on August 5, 2015, and concluded on August 14, 2015. During the August 7 proceedings, in response to Appellant's objections that copies of the items mentioned above were not provided to the defense, the prosecution argued that Commonwealth property records disclosed to Appellant revealed that there were "miscellaneous documents" in the Commonwealth's possession. Appellant's counsel argued there was an assumption the Commonwealth would copy and provide all such documents. The trial court determined Appellant was aware of the documents and that those documents were available for inspection. Consequently, the trial court ruled that the Commonwealth could introduce the documents. Defense counsel could then review the documents to determine whether there were any evidentiary objections to the documents before the trial court would admit them. Defense counsel was agreeable to that proposed process.

At the conclusion of the day's proceedings, the trial court dismissed the jury and then discussed the challenged documents with counsel. Appellant's counsel advised the trial court that he did not have a problem with the documents other than the way they were listed for discovery. He indicated he had no evidentiary objections to any of the documents. Notes of Testimony, 8/7/15, at 237. The trial court admitted the documents. *Id.*

at 238. Appellant's counsel did not lodge an objection. Therefore, the issue was not preserved for appeal. Even if the issue were preserved, we would find no abuse of discretion on the part of the trial court. As the trial court explained, "Rule 573 was not violated as the Commonwealth provided a complete list of the documents and items in their possession to the defense and offered them for inspection and copying." Trial Court Opinion, 3/3/16, at 21. Because the Commonwealth complied with Rule 573, the trial court did not abuse its discretion by admitting the evidence. We shall not disturb that ruling. *See Antidormi*, 84 A.3d at 749 (decision to admit evidence "shall be reversed only upon a showing that the trial court abused its discretion in determining whether evidence should be admitted") (citation omitted).

Appellant next complains that Jillian Viscardi was permitted to testify even though she was not identified in advance of trial. When Ms. Viscardi was called to testify, counsel for Ms. Tedesco asked for an offer of proof. The prosecutor explained that Ms. Viscardi was a high school friend of one of the Tedescos' daughters and would testify about the Tedescos' home and who was living there. Counsel then objected, suggesting that there must have been a statement taken from the witness. The prosecutor explained that Ms. Viscardi was identified by another of the daughter's friends in July 2015 from a photograph and was interviewed by the prosecutor himself in the course of his trial preparation. No statement was prepared. In response

to the trial court's question concerning disclosure of the witness, the prosecutor explained that notice of the witness was not required under the discovery rule. The trial court overruled the objection and permitted the testimony.

"The Rules of Criminal Procedure require only that the Commonwealth disclose the identity of eyewitnesses." *Commonwealth v. Dietterick*, 631 A.2d 1347, 1351 (Pa. Super. 1993) (citation omitted), *appeal denied*, 645 A.2d 1312 (Pa. 1994). Ms. Viscardi was not an eyewitness to any criminal activity. "The Commonwealth is under no obligation to disclose the names of all its witnesses to the defendant." *Id.* (citations omitted). We find no abuse of discretion in the trial court's ruling.

Finally, Appellant argues the trial court abused its discretion by permitting Commonwealth witness, Sherri Blanchard-Doran, to offer expert testimony in light of the fact she had not generated an expert report and the prosecution did not identify her as an expert witness. Appellant argues that he was prejudiced from presenting a full and fair defense at trial due to Ms. Blanchard-Doran's improper testimony.

Ms. Blanchard-Doran was the director of nursing at a facility where Appellant's victim was treated a year prior to her death. The victim left the facility against medical advice at the insistence of Appellant and his wife. The witness offered testimony concerning the victim's stay at the facility, her condition, and her discharge against medical advice. When the witness

offered testimony regarding the staging of wounds, counsel for Ms. Tedesco objected based on the lack of an expert report. The trial court permitted the prosecution to voir dire the witness and afforded defense counsel the opportunity to question the witness on her qualifications. The witness was then received as an expert in geriatric nursing.

As the trial court recognized, Pa.R.E. 702 (Testimony by Expert Witnesses) provides that a witness qualified by knowledge, skill, training or education may offer opinion testimony if the expert's knowledge is beyond that of the average layperson, the expert's specialized knowledge will aid the trier of fact to understand the evidence, and the expert's methodology is accepted in the relevant field. "Determining whether a witness may testify as an expert is a matter within the sound discretion of the trial court, whose decision will only be reversed for a clear abuse of discretion." Trial Court Opinion, 3/3/16, at 27 (quoting *Yacoub v. Lehigh Valley Medical Associates, P.C.*, 805 A.2d 579, 591 (Pa. Super. 2002)).

The trial court concluded that Ms. Blanchard-Doran had the requisite knowledge and skills to qualify as an expert under Pa.R.E. 702. *Id.* at 28. Further, the Commonwealth did not violate any disclosure rules because the witness did not generate or introduce an expert report. *Id.* Moreover, the defense was on notice of the prosecution's intention to offer an expert in pressure ulcers, even if the expectation was that a different nurse would offer that testimony. Consequently, Appellant did not suffer any prejudice.

Finally, because Appellant did not object to the lack of an expert report at trial, that issue was waived on appeal. *Id.* Appellant's third evidentiary challenge fails.

Appellant is not entitled to relief based on any issues presented on appeal. Therefore, we shall affirm the Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2017