J-S61014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LENOX CADEEN DALEY, | |
| Appellant | No. 205 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002146-2017

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED DECEMBER 05, 2018**

Appellant, Lenox Cadeen Daley, appeals *pro se* from the judgment of sentence of fines in the amount of $622, imposed after he was convicted of several vehicular offenses.  We affirm.

Briefly, Appellant's vehicle was stopped after a police officer observed him making an illegal U-Turn in the City of Philadelphia.  During the stop, Appellant refused to provide the officer with his driver's license or proof of insurance.  Accordingly, the officer issued Appellant three traffic citations pursuant to 75 Pa.C.S. § 3331(c) (Compliance with traffic-control devices), 75 Pa.C.S. § 1511(a) (Carrying and exhibiting driver's license on demand), and 75 Pa.C.S. § 1786(f) (Operation of a motor vehicle without required financial responsibility).

Appellant was subsequently convicted of these offenses and sentenced to a fine by the Traffic Division of the Philadelphia Municipal Court. He then filed a summary appeal to the Court of Common Pleas of Philadelphia County. On December 11, 2017, a *de novo* trial was held, after which Appellant was again convicted of the above-stated traffic violations. He was sentenced to pay the mandatory fines and costs associated with those offenses, which totaled $622.

Appellant filed a timely, *pro se* notice of appeal. According to the trial court, it issued an order on January 29, 2018, directing Appellant to file a Pa.R.A.P. 1925(b) statement. However, the only docket entry on that date states, "Case Correspondence," with no mention of a Rule 1925(b) order. Additionally, the trial court acknowledges that the Rule 1925(b) order was returned to the court with a notation, presumably made by the postal service, stating: "Return to sender[,] Attempted - not known[,] unable to forward[.]" Trial Court Opinion, 5/30/18, at 2 (unnecessary capitalization omitted). On May 30, 2018, the trial court issued a Rule 1925(a) opinion deeming Appellant's issues waived based on his failure to file a Rule 1925(b) statement, as well as his failure "to submit the required deposit for the December 11, 2017 trial" to be transcribed. *Id.* We note that that transcript has since been added to the certified record and is available for this Court's review.

Herein, Appellant presents five questions for our review:

1. Whether the initial criminal judgment, being an ultra vires one, creates a miscarriage of justice because the Court of Common Plea[s] refuses to address [the] challenge to jurisdiction?

2. Wheather [*sic*] the court ... acted in bad faith [by] conteding [*sic*] the District Attorney filed a verified complaint[?]

3. Whether the court … action abrogates [] Appellant['s] rights, and was there conflick [*sic*] of interest[?]

4. Whether the court can inquire in a matter where no charges are file[d] by the peoples [*sic*] attorney and who is reposible [*sic*] for filing charging [*sic*] on behalf of the people[?]

5. Whether the officer can make the complaint, serve the summons and file charges with the court[?]

Appellant's Brief at 4-5 (unnecessary capitalization omitted).

Initially, we note that the Argument section of Appellant's brief is not divided into sections corresponding with the above-stated issues. More problematically, his discussion is nearly incomprehensible. From what we can discern, Appellant seeks to challenge the subject-matter jurisdiction of the trial court.[1] However, we cannot understand Appellant's specific arguments in support of that claim.

Nevertheless, it is clear that the trial court had subject-matter jurisdiction to convict Appellant of his traffic-related offenses. As the Commonwealth aptly summarizes:

_____

[1] Such a claim can never be waived. ***See Commonwealth v. Jones***, 929 A.2d 205, 208 (Pa. 2007) (stating that subject-matter jurisdiction is "an issue not susceptible to waiver") (citing ***Commonwealth v. Little***, 314 A.2d 270, 272 (Pa. 1974) ("An objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion.")). Thus, we need not discuss the trial court's conclusion that Appellant waived his claims based on his failure to file a Rule 1925(b) statement or provide the transcript for the court's review.

Section 932 of the Judicial Code specifically grants "each court of common pleas … exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district." 42 Pa.C.S. § 932. Section 1132 of [the] Judicial Code affixes original jurisdiction of traffic violations with the Philadelphia Municipal Court. 42 Pa.C.S. § 1123(a)(9). Moreover, the Rules of Criminal Procedure for Philadelphia Municipal Court and the Traffic Division of the Philadelphia Municipal Court specifically provide a process for the Municipal Court to hear traffic court cases, Pa.R.Crim.P. 1030, and for the Court of Common Pleas to hear summary appeals in traffic cases, Pa.R.Crim.P. 1037. This includes a trial *de novo* before a judge of said court. ***See*** Pa.R.Crim.P. 1037 (outlining [the] procedure for summary appeals in traffic cases).

Commonwealth's Brief at 7.

Because Appellant's challenge to the subject-matter jurisdiction of the trial court is meritless, and we can distinguish no other comprehensible issues raised in his *pro se* brief, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/18