J-S56004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANANTA GRAY | : | |
| | : | |
| Appellant | : | No. 2344 EDA 2017 |

Appeal from the Judgment of Sentence Entered May 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-Cr-0013639-2014

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED:  MARCH 19, 2021**

Appellant, Ananta Gray, appeals *pro se* from the aggregate judgment of sentence of 9 to 18 years' incarceration, imposed after he was convicted, following a non-jury trial, of aggravated assault, possession with intent to deliver, and related drug and firearm offenses.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his appeal.  We only briefly note that Appellant's convictions stemmed from evidence that he shot the victim in this case three times during an attempted drug deal.  The victim identified Appellant from a photo array the day after the shooting.  Appellant testified at trial that he shot the victim in self-defense, but the court found his testimony incredible and convicted him

_____

[*] Retired Senior Judge assigned to the Superior Court.

of the above-stated offenses. However, the court acquitted Appellant of attempted murder and conspiracy to commit murder.

On May 18, 2017, Appellant was sentenced to the aggregate term set forth *supra*. He filed a timely post-sentence motion, which was denied. Appellant then filed a timely, counseled notice of appeal, and his attorney complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, counsel raised only a single challenge to the weight of the evidence to support Appellant's conviction of aggravated assault. **See** Rule 1925(b) Statement, 8/15/17, at 1 (single page) ("The aggravated assault conviction was against the weight of the evidence."). The trial court thereafter filed its Rule 1925(a) opinion, deeming Appellant's vague weight-of-the-evidence challenge waived and, alternatively, without merit. **See** Trial Court Opinion (TCO), 2/2/18, at 3-10.

While Appellant's appeal was pending, he filed with this Court a petition to proceed *pro se*, and his attorney also filed a petition to withdraw. Consequently, on July 17, 2018, this Court issued a *per curiam* order vacating the briefing schedule, and remanding Appellant's case for the trial court to conduct a hearing to ascertain if Appellant's waiver of counsel was knowing, intelligent, and voluntary pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Although we directed the court to make its ruling on Appellant's request to proceed *pro se* within 60 days of the filing of our order, the court did not grant Appellant's petition to proceed *pro se* until nearly one year later, on July 11, 2019.

Then, on October 4, 2019, we again issued a *per curiam* order vacating the briefing schedule and remanding Appellant's case to the trial court, directing Appellant's former counsel and/or the trial court to provide Appellant with transcripts and any other documents that were pertinent to his appeal. In July of 2020, Appellant's former counsel filed a response to our order, stating that he had provided all pertinent documents to Appellant, and explaining that his delay in doing so was due to the COVID-19 pandemic.

Appellant thereafter filed his *pro se* brief, raising the following four issues for our review, which we reproduce *verbatim*:

> 1. Weather the lower court error in decision to ignore the petitioner claim that his criminal complaint had not been signed and therefore bar Jurisdiction of the court to move forward with the action against him?
>
> 2. Wheather not establishing Jursidiction was a fatel erra?
>
> 3. Wheather trial court erred in not establishing that the petitioner was not acting in self defense and defense of others as no evidence was ever produced to counter petitioners claim?
>
> 4. Wheather petitioners acquital of Att. Murder should have bared prosecution of agg. Asult due to established laws of double jeopardy?

Appellant's Brief at 3.

In Appellant's first two issues, which he addresses together in the Argument portion of his brief, he claims that the court lacked subject matter jurisdiction over his case because the criminal complaint was not "signed and sealed by the issuing authority…." *Id.* at 6. Initially, we note that this claim

was not raised in Appellant's counseled Rule 1925(b) statement.[1]  However, issues implicating the subject matter jurisdiction of the court cannot be waived.  **Commonwealth v. Succi**, 173 A.3d 269, 283 n.6 (Pa. Super. 2017) ("[J]urisdiction ... is not waivable and may be raised at any time, and *sua sponte.*") (citing, *inter alia*, **Commonwealth v. Little**, 314 A.2d 270, 272 (Pa. 1974) ("An objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court on its own motion.")).

Although we may consider the merits of Appellant's jurisdictional challenge, it is clear that his argument is meritless on its face.  The certified record contains the criminal complaint, which is signed by the District Attorney's representative and the magistrate.  **See** Criminal Complaint, 8/12/14, at 1-2.  Moreover, we agree with the Commonwealth that, even if the complaint had not been signed, that fact would not divest the court of subject matter jurisdiction over Appellant's case.  The Commonwealth explains:

> The only two requirements for subject matter jurisdiction are: "the competency of the court to hear the case, and the provision of formal notice to the defendant of the crimes charged in compliance with the [state and federal constitutions]." **Commonwealth v. Jones**, 929 A.2d 205, 210 (Pa. 2007).  "[N]o

_____

[1] We recognize that Appellant filed a *pro se* Rule 1925(b) statement on July 19, 2019, which was nearly two years after the court directed him to file a concise statement and his former counsel did so.  Nothing in the record indicates that Appellant sought, or was granted, leave to file a supplemental concise statement, and the court did not file a supplemental opinion addressing the claims set forth in his *pro se* Rule 1925(b) statement.

court has ever held that subject matter jurisdiction requires the Commonwealth to file a criminal information." ***Commonwealth v. Hatchin***, 709 A.2d 405, 408 (Pa. Super. 1998).

The two requirements for subject-matter jurisdiction were met here. The Court of Common Pleas had competency to adjudicate defendant of a state crime. ***See Jones***, 929 A.2d at 210-[]11 (agreeing that "the courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code"). The criminal complaint informed defendant of the charges against him, the date of the incident, the location of the incident, the name of the victim, and a brief summary of the offense. [***See*** Commonwealth's Brief at] Exhibit [(copy of the criminal complaint)]. Thus, the requirements of subject matter jurisdiction were met.[3]

> [3] [Appellant] also forwarded a theory to the preliminary hearing court, not specifically addressed in his brief, that the court lacked subject matter jurisdiction because the provisions of the crimes code allegedly do not have enacting clauses. This Court has debunked this popular "jailhouse lawyer" theory. ***See Commonwealth v. Stultz***, 114 A.3d 865, 879 (Pa. Super. 2015) ([stating] the criminal statutes have enacting clauses, notwithstanding the decision of private publishing companies, such as West Publishing Company, to omit them from their editions of statute books).

Commonwealth's Brief at 9. Appellant's first two issues are meritless.

Next, Appellant claims that his constitutional protection against double jeopardy was violated by the court's acquitting him of attempted murder, but convicting him of aggravated assault. Citing ***Commonwealth v. Anderson***, 650 A.2d 20 (Pa. 1994), Appellant argues that because aggravated assault is a lesser-included offense of attempted murder, the court's acquitting him of the murder charge meant that, pursuant to double jeopardy principles, it had to acquit him of the aggravated assault offense, as well.

Appellant does not point to where he raised this claim before the trial court after it rendered its verdict, at his sentencing hearing, or in a post-sentence motion. He also failed to raise it in his counseled Rule 1925(b) statement, despite that the order directing him to file that statement informed him that any claim not raised would be deemed waived. *See* Order, 7/24/17, at 1 (single page). Generally, claims not raised before the trial court or preserved in a Rule 1925(b) statement are waived for our review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). However, our Supreme Court has made clear that "merger/double jeopardy cases concern legality of sentencing, even when the sentence at issue falls within prescribed minimum and maximum sentences." *Commonwealth v. Foster*, 17 A.3d 332, 342 (Pa. 2011).

Here, Appellant presents an atypical double-jeopardy claim, arguing not that he was punished twice for the same offense but, rather, that his acquittal for one crime required his acquittal for another. We need not discern if this constitutes a non-waivable, legality-of-sentencing claim because, even if it does, Appellant's double-jeopardy argument is clearly meritless. As the Commonwealth aptly observes,

> "[t]he prohibition against double jeopardy was designed to protect individuals from being tried or punished more than once for the same allegation or offense." *Commonwealth v. Miller*, 198 A.3d

- 6 -

1187, 1191 (Pa. Super. 2018). "The Fifth Amendment of the United States Constitution provides, in relevant part, that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb[.]'"[] ***Id.*** (quoting U.S. Const. amend. V). "Likewise, Article I, § 10 of the Pennsylvania Constitution provides that '[n]o person shall, for the same offense, be twice put in jeopardy of life or limb.'" ***Id.*** (quoting Pa. Const. art. I, § 10). It is undisputed that [Appellant] was tried only **once** for the crimes in this case, and therefore was never placed in **double** jeopardy.

[Appellant] cites case law that deals with the issue of whether a person may be sentenced for both attempted murder and aggravated assault. For instance, … ***Anderson*** … addressed "the question of whether the crimes of attempted murder and aggravated assault merge for **sentencing** purposes." [***Anderson***, 650 A.2d] at 21 (emphasis added). However, the issue of merger for sentencing purposes did not arise here. [Appellant] was acquitted of attempted murder and therefore never sentenced for it. Thus, there was no sentence to "merge" with th[e sentence] for aggravated assault. [Appellant's] claim is without merit.

Commonwealth's Brief at 10-11 (emphasis in original). We agree.

Finally, Appellant argues that the evidence was insufficient to convict him because the Commonwealth failed to disprove his claim that he shot the victim in self-defense. Preliminarily, this issue was not set forth in Appellant's counseled Rule 1925(b) statement and, therefore, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

Nevertheless, even if preserved, we would deem Appellant's claim to be meritless. The Commonwealth presented adequate evidence to demonstrate that Appellant was the aggressor in the incident. This Court has explained:

If the defendant properly raises "self-defense under [18 Pa.C.S. §] 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense."

***Commonwealth v. McClendon***, 874 A.2d 1223, 1229–30 (Pa. Super. 2005).

> The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

> ***Commonwealth v. Hammond***, 953 A.2d 544, 559 (Pa. Super. 2008), *appeal denied,* … 964 A.2d 894 ([Pa.] 2009) (quoting ***McClendon, supra*** at 1230). The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence. ***Commonwealth v. Burns***, 765 A.2d 1144, 1149 (Pa. Super. 2000), *appeal denied,* … 782 A.2d 542 ([Pa.] 2001).

***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014).

Here, the Commonwealth explains how the evidence disproved Appellant's self-defense theory, as follows:

> The evidence here proved that [Appellant] was the aggressor in his attack on the victim. The victim gave a signed statement to police in which he explained that [Appellant] initiated the attack by pulling out a gun and shooting him from behind, hitting him in the elbow.[2] N.T.[,] 3/3/17, [at] 44-46. This was corroborated by the bullet hole surrounded by powder burns in the back of the car seat, which proved that the gun had been pressed against the seat when fired. ***Id.*** at 105-[]07. When the victim fled from the car, [Appellant] continued firing at him, hitting him twice more. ***Id.*** at 46, 49. Although the victim had a gun, it was never fired. ***Id.*** at 141, 178. Surveillance footage showed [Appellant] calmly leaving the area after the incident. ***Id.*** at 125-[]27. Although [Appellant], who had convictions of *crimen falsi* [crimes], testified that the victim pulled the gun first, the trial court disbelieved this testimony. ***Id.*** at 167-[]68, 177, 193-[]94[; TCO] at 10.

---

[2] The victim was sitting in the front passenger seat of a vehicle, with Appellant in the back seat behind him, when the shooting began. ***See*** TCO at 4.

Commonwealth's Brief at 13. We agree with the Commonwealth that, "when the evidence is viewed in the light most favorable [to it, as the verdict winner,] it establishes that [Appellant] provoked the fight, used unnecessary force, and failed to allow the victim to retreat. Thus, the evidence was sufficient to disprove self-defense." ***Id.*** (citing, *inter alia*, ***Commonwealth v. Mouzon***, 53 A.3d 738, 751 (Pa. 2012) (finding the appellant's provoking the encounter defeated his self-defense claim); ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (concluding that the evidence disproved self-defense where it showed that Miller had initiated the conflict unprovoked and acted unreasonably). Thus, even had Appellant's former counsel preserved this issue in his Rule 1925(b) statement, we would conclude that the evidence sufficiently disproved Appellant's self-defense claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/21