J-S66017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE CORRELL, | : | |
| | : | |
| Appellant | : | No. 28 WDA 2017 |

Appeal from the Judgment of Sentence November 15, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010140-2016

BEFORE:  BENDER, P.J.E., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 8, 2018**

Appellant, Tyrone Correll, appeals from the Judgment of Sentence entered in the Allegheny County Court of Common Pleas on November 15, 2016, following his guilty plea to Simple Assault, Resisting Arrest, and Criminal Mischief.[1]  With this appeal, Appellant's counsel, Caleb I. Pittman, Esquire ("Counsel"), has filed a Petition to Withdraw and an ***Anders***[2] Brief, stating that the appeal is wholly frivolous.  After careful review, we affirm the Judgment of Sentence and grant Counsel's Petition to Withdraw.

The relevant procedural history is as follows.  On November 15, 2016, Appellant pleaded guilty to Simple Assault, Resisting Arrest, and Criminal

_____

[1] 18 Pa.C.S. § 2701; 18 Pa.C.S. § 5104; and 18 Pa.C.S. § 3304.

[2] ***Anders v. California,*** 386 U.S. 738 (1967).

_____

\*   Retired Senior Judge assigned to the Superior Court.

Mischief for incidents occurring in Allegheny County, Pennsylvania. On the same day, the trial court sentenced Appellant to an aggregate term of 18 months' probation, which was within the standard range of the Sentencing Guidelines and was below the statutory maximum sentence for all counts.[3]

Appellant filed a timely Post-Sentence Motion requesting to withdraw his guilty plea because the trial court lacked jurisdiction, which the trial court denied on December 1, 2016.

Appellant filed a timely Notice of Appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

As Counsel has filed an *Anders* Brief, we must consider his request to withdraw prior to reviewing Appellant's claims on the merits. Our review indicates that Counsel has complied with the mandated procedure for withdrawing as counsel. *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant did not file a response.

---

[3] The trial court sentenced Appellant to 18 months' probation for Simple Assault, 12 months' probation for Resisting Arrest, and 90 days' probation for Criminal Mischief, with all sentences to run concurrently.

Having concluded that Counsel complied with *Anders* and *Daniels*, we next "make a full examination of the proceedings in the lower court and render an independent judgment as to whether the appeal is in fact 'frivolous.'" *Commonwealth v. Orellana*, 86 A.3d 877, 882 n.7 (citation omitted).

In the *Anders* Brief, Counsel identifies four issues that Appellant could potentially raise on direct appeal, including:

1. [T]he trial court lacked jurisdiction over the case;

2. [T]he trial court should have allowed [Appellant] to withdraw his guilty plea after sentencing;

3. [T]he trial court imposed an illegal sentence; or

4. [T]he trial court abused its discretion in imposing the sentence.

*Anders* Brief at 12. Counsel argues that all of these issues are frivolous and without merit. *Id.* at 14. We agree.

By entering a guilty plea, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects, except the legality of the sentence and the validity of the plea. *Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017). A guilty plea "constitutes a waiver of jurisdiction over the person of the defendant." *Commonwealth. v. Little*, 314 A.2d 270, 272 (Pa. 1974). However, a defendant can never waive subject matter jurisdiction; a defendant or the court may raise it at any stage in the proceedings. *Id.* Also, when the plea bargain does not designate the sentence to be imposed, as in this case, the defendant retains

the right to challenge the discretionary aspects of his sentence. *Luketic, supra* at 1159.

With respect to the first issue raised in the *Anders* Brief regarding subject matter jurisdiction, we note that any challenge to a court's subject matter jurisdiction is a question of law and, therefore, our review is *de novo. Commonwealth v. Jones*, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction as it relates to criminal defendants: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. *Id.* at 211-12 (citation omitted).

In the instant case, we agree with Counsel that a challenge to the trial court's jurisdiction is without merit. The Allegheny Court of Common Pleas, Criminal Division, was competent to hear Appellant's case, which involved violations of the Pennsylvania Crimes Code occurring in Allegheny County. *See Commonwealth v. Kohler*, 811 A.2d 1046, 1050 (Pa. Super. 2002) (holding that a county court of common pleas has jurisdiction over offenses that take place within its borders); Pa. Const. art. V, § 5 (providing court of common pleas with unlimited original jurisdiction, except where otherwise provided by law).

Moreover, a review of the record reveals that Appellant received specific and formal notice of the charges that he was facing when the Commonwealth filed the Criminal Complaint and Criminal Information, and again when the trial court engaged Appellant in a thorough written and oral

colloquy prior to his entering a guilty plea. *See* Criminal Complaint, filed 8/25/16; Criminal Information, filed 10/5/16; Written Guilty Plea Colloquy, dated 11/15/16; N.T. Guilty Plea, 11/15/16, at 6-9. Accordingly, the trial court had subject matter jurisdiction over Appellant's case, and the trial court properly denied Appellant's Post-Sentence Motion requesting to withdraw his guilty plea on this basis.

Counsel next raises a challenge to the court's denial of Appellant's Post-Sentence Motion. We acknowledge that Appellant only raised an objection to the validity of his guilty plea in his Post-Sentence Motion and only advanced one basis for withdrawing his guilty plea in that Motion, namely, that the trial court lacked jurisdiction. Accordingly, Appellant waived any additional challenges to the validity of his guilty plea. *See Commonwealth v. Monjaras-Amaya,* 163 A.3d 466, 468-69 (Pa. Super. 2017) (explaining that in order to preserve an issue related to a guilty plea, defendant must either object at the sentencing colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion). *See also* Pa.R.A.P. 302(a); Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). As discussed above, a challenge to the court's jurisdiction is meritless and, therefore, the court properly denied Appellant's Post-Sentence Motion.

Counsel next raises a claim that the trial court imposed an illegal sentence, and then concludes that this claim is frivolous. *Anders* Brief at 20-21. We agree.

The question of whether a trial court imposed an illegal sentence is a question of law and, therefore, our review is *de novo*. ***Commonwealth v. McClintic***, 909 A.2d 1241, 1245 (Pa. 2006). "If a sentence is within the statutory limits, it is legal." ***Commonwealth v. Vasquez***, 744 A.2d 1280, 1284 (Pa. 2000). Notably, a term of probation may not exceed the maximum term for which the defendant could be confined. ***See*** 42 Pa.C.S. § 9754(a).

Here, Appellant entered a negotiated guilty plea, which specified that Appellant would serve probation, but did not stipulate the length of the period of probation. Appellant pled guilty to Simple Assault and Resisting Arrest graded as misdemeanors of the second degree, and each charge carried a maximum term of two years' incarceration. 18 Pa.C.S. § 1104(2). Appellant also pled guilty to Criminal Mischief graded as a summary offense, which carried a maximum sentence of 90 days' incarceration. 18 Pa.C.S. § 1105. The trial court sentenced Appellant to 18 months' probation for Simple Assault, 12 months' probation for Resisting Arrest, and 90 days' probation for Criminal Mischief, with all sentences to run concurrently. As the sentence was within the statutory limits for all counts, any claim that the sentence is illegal is frivolous.

Finally, Appellant has waived any challenges to the discretionary aspects of his sentence. An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test in order to invoke our jurisdiction to review the claim:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.] § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Appellant did not preserve this issue at sentencing or in his Post-Sentence Motion and, thus, Appellant waived this claim.

Accordingly, we agree with Counsel that this appeal is wholly frivolous. Furthermore, our independent review of the record reveals no additional non-frivolous claims. We, therefore, grant counsel's Petition to Withdraw and affirm the November 15, 2016 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2018

- 7 -