J-S17017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD A. MOWERY | |
| Appellant | No. 2002 MDA 2019 |

Appeal from the Judgment of Sentence imposed November 13, 2019
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000624-2018

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 09, 2020**

Appellant, Todd A. Mowery, appeals from the judgment of sentence imposed in the Court of Common Pleas of Lackawanna County on November 13, 2019.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

The factual and procedural background is not at issue.  Briefly, on August 26, 2019, Appellant entered an open guilty plea to one count of simple assault, a misdemeanor of the second degree carrying a maximum fine of $5,000 and two years' imprisonment.  Prior to acceptance of the plea, Appellant completed and signed a written guilty plea colloquy, which was supplemented by an oral colloquy on the record.  The colloquies informed

Appellant of the nature of the charges against him, the rights he was giving up, and the maximum sentence for the crime. Following these colloquies, Appellant admitted to committing simple assault.

On November 13, 2019, the trial court sentenced Appellant to 12 to 24 months' incarceration. After the trial court denied Appellant's motion for reconsideration, Appellant filed the instant appeal. In response to the trial court's order pertaining to the filing of a Pa.R.A.P. 1925(b) concise statement, counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4), informing the trial court of his intention to file an *Anders* brief instead of a concise statement pursuant to Rule 1925(b).

The *Anders* brief challenges the discretionary aspects of Appellant's sentence (based on the summary of the argument and the Pa.R.A.P. 2119(f) statement), jurisdiction of the trial court, validity of the plea, and legality of the sentence (based on the review of argument section).[1] Before we address the merits of the challenge, however, we must consider the adequacy of counsel's compliance with *Anders* and *Santiago*. Our Supreme Court requires counsel to do the following.

_____

[1] We previously denied counsel's petition to withdraw and remanded to the trial court for counsel to file a proper *Anders* brief or an advocate brief. *See* *Commonwealth v. Mowery*, No, 2002 MDA 2019, unpublished memorandum at 5 (Pa. Super. filed August 14, 2020). On August 28, 2020, counsel filed a new *Anders* brief and application to withdraw, which is the subject of the instant appeal. Appellant did not respond to counsel's *Anders* brief and application to withdraw.

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 879–80 (Pa. Super. 2014).

As noted, in his Rule 2119(f) and summary of the argument, Appellant argues that the sentence was excessive. In the argument section of the brief, however, Appellant reiterates that since Appellant pled guilty, Appellant's reasons for challenging the sentence are limited to three grounds: jurisdiction of the court, validity of the plea, and legality of the sentence. The only difference between the current ***Anders*** brief and the previous one is that counsel now recognizes that the discretionary aspects of Appellant's sentence can be challenged.

We will address the challenge to the discretionary aspects of his sentence first. Challenges to the discretionary aspects of sentence are reviewed for an abuse of discretion. *Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010). As we reiterated in *Moury*:

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Id.* at 169-70 (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (internal citations omitted)).

Additionally, because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence," *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code. **Moury**, 992 A.2d at 169-70.

For purposes of our review, we accept that Appellant has met the first three requirements of the above test. Therefore, we must determine whether Appellant raised a substantial question. Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See, e.g., Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

As noted in **Commonwealth v. Mastromarino**, 2 A.3d 581 (Pa. Super. 2010),

> [a] substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the [Pa. R.A.P.] 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

**Id.** at 585-86 (citation omitted); **see also** 42 Pa.C.S.A. § 9781(b).

A review of Appellant's statement of questions and Pa.R.A.P. 2119(f) statement reveals that Appellant failed "to articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." Pa.R.A.P. 2119(f). Indeed, Appellant merely argues that the sentence was "harsh" and that he should have been given probation instead of imprisonment. Appellant's Brief at 4.

Bold allegations of excessiveness, such the one raised here, are insufficient to raise a substantial question for our review. *See*, *e.g*., *Commonwealth v. Bromley*, 862 A.2d 598 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence); *Commonwealth v. Trippett*, 932 A.2d 188 (Pa. Super. 2007) (bald allegation of excessiveness does not raise a substantial question). As such, we find Appellant's bald allegation insufficient to permit discretionary review.

Even if we were to address the merits of the contention (*i.e.*, excessive sentence), Appellant would not be entitled to relief.

The trial court, after considering, *inter alia*, the pre-sentence investigation report, imposed a sentence falling within the standard range of the sentencing guidelines. Regarding the reasons for the sentence imposed, the record shows that trial court did not credit Appellant's argument that a probationary sentence, as suggested by defense counsel, would suffice for Appellant's rehabilitation, and it did not believe that Appellant did anything to address his issues with alcohol even after the conduct that give rise to the instant criminal matter. Indeed, the trial court noted:

> [T]here is nothing in his record that indicates that. Quite frankly, the fact that he failed to go for any type of treatment prior and indicated that he was out of it that evening of the assault that he doesn't remember what happened and continues to indulge and has had no motivation whatsoever, the sentence will be in the standard range of 12 to 24 months.

*Id.* at 7.

- 6 -

In light of the foregoing, we conclude that the trial court did not abuse its discretion in fashioning Appellant's sentence.

Next, we address the claim that the trial court lacked jurisdiction to take Appellant's plea. We disagree.

> It goes without saying that jurisdiction is of two sorts: jurisdiction of the subject matter in the case, and jurisdiction of the parties involved. An objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion. The familiar axiom that a guilty plea waives all nonjurisdictional issues is merely a reflection of this general principle. Jurisdiction of the person, on the other hand, may be created by the consent of a party, who thereby waives any objection to defects in the process by which he is brought before the court. We have no doubt that a plea of guilty constitutes a waiver of jurisdiction over the person of the defendant.

*Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974) (internal citations and quotation marks omitted).

Turning to subject matter jurisdiction, "our initial inquiry is directed to the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs." *Id.* In the instant matter the competency of the Court of Common Pleas of Lackawanna County to entertain a guilty plea by Appellant relating to criminal conduct that occurred within Lackawanna County is beyond question.[2]

---

[2] Article V, Section 5(b) of the Pennsylvania Constitution provides that the courts of common pleas of each judicial district of the Commonwealth are

"[T]o invoke this jurisdiction, something more is required; it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged." *Id.* at 273.

In *Commonwealth v. King*, --- A.3d ----, 2020 WL 4140069 (Pa. July 21, 2020), the Supreme Court noted that "the continuing validity of *Little*'s statement that formal notice is a component of subject matter jurisdiction is suspect." *Id.* at *5 n.9. In the *Anders* brief, which was filed after the issuance of *King*, Appellant makes no mention of *King*. Even if a formal notice is no longer a component of subject matter jurisdiction, notice to Appellant is not at issue here. Accordingly, Appellant's claim that the trial court lacked jurisdiction to entertain Appellant's guilty plea is without merit.

Next, Appellant alleges that his plea was unknowing and involuntary. We disagree.

> "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). In *Commonwealth v. Fluharty*, [632 A.2d 312 (Pa. Super. 1993)], we set forth guidelines to determine the validity of a guilty plea:
>
> > In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances

---

vested with "unlimited original jurisdiction in all cases except as may otherwise be provided by law."

surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Id.* at 314 (quotation marks and citations omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (citations omitted). "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). Thus,

[a] court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:
(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
(2) Is there a factual basis for the plea?
(3) Does the defendant understand that he or she has the right to trial by jury?
(4) Does the defendant understand that he or she is presumed innocent until found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Pollard*, 832 A.2d at 522–23 (citations omitted).

*Commonwealth v. Rush*, 909 A.2d 805, 808-09 (Pa. Super. 2006).

Applying the above authorities, we conclude that the record belies Appellant's assertion that his plea was not entered knowingly and/or involuntarily. Indeed, a review of the written guilty plea colloquy and the oral plea colloquy shows that each of the six above inquiries was thoroughly

- 9 -

covered, and it shows that Appellant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the guilty plea.

As summarized above, on August 26, 2019, Appellant pled guilty to the amended count of simple assault. Prior to the trial court accepting the guilty plea, Appellant completed and signed a written guilty plea colloquy, which was supplemented by an on-the-record oral colloquy. The colloquies informed Appellant of the nature of the charges against him, the rights he was giving up by pleading guilty, and the maximum sentence for the crime of simple assault. Finally, Appellant admitted that he intentionally, knowingly, or recklessly caused bodily injury to the victim by placing his fingers inside the victim's vagina and threatened her. **See** N.T. Guilty Plea Hearing, 8/26/19, at 2-4. In light of the foregoing, we conclude that Appellant's claim that his guilty plea was not entered knowingly and/or voluntarily is without merit.

Finally, while Appellant alleges that the sentence imposed was illegal, the argument associated with this legality of sentence claim is more properly a challenge to the discretionary aspects of the sentence. Indeed, Appellant discusses the sentencing discretion of the trial court. **Anders** Brief at 13. Even as a challenge to the discretionary aspects, there is nothing in the record that would support such a claim for the reasons provided *infra* in connection with the challenge to the discretionary aspects of his sentence.

We have conducted an independent review of the record and addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issues Appellant seeks to litigate in this appeal are without merit. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2020