J-S20004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORIN ALEXANDER PERRY | : | |
| | : | |
| Appellant | : | No. 1359 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 24, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001406-2020,
CP-04-CR-0001855-2020

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: SEPTEMBER 26, 2022**

Appellant Lorin Alexander Perry appeals from the judgment of sentence imposed after he pled *nolo contendere* to involuntary deviate sexual intercourse (IDSI) and related offenses.  This matter returns to this Court after we remanded for the filing of an amended ***Anders***/***Santiago***[1] brief or an advocate's brief.  Appellant's counsel (Counsel) has filed an amended petition to withdraw and an amended ***Anders***/***Santiago*** brief.  We grant Counsel's request to withdraw and affirm.

We adopt the trial court's summary of the factual and procedural history of this matter.  ***See*** Trial Ct. Op., 11/15/21, at 1-5.  Briefly, at Docket No. 1406-2020, the Commonwealth charged Appellant with five counts of indecent

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

assault of a person less than thirteen years old, three counts each of aggravated indecent assault without consent and indecent assault without consent, two counts of aggravated indecent assault of a person less than thirteen years old, and one count each of statutory sexual assault, IDSI, unlawful contact with a minor, aggravated indecent assault of a person less than sixteen years old, corruption of minors, endangering welfare of a child (graded as a felony of the third degree), and indecent assault of a person less than sixteen years old.[2] **See** Criminal Information, Docket No. 1406-2020, 10/5/20, at 1-3 (unpaginated). At Docket No. 1855-2020, the Commonwealth charged Appellant with five counts of possession of child pornography (each graded as a felony of the second degree) and one count of criminal use of communication facility.[3] **See** Criminal Information, Docket No. 1855-2020, 12/29/20, at 1-2 (unpaginated).

On April 22, 2021, Appellant entered open *nolo contendere* pleas to two counts of aggravated indecent assault of a person less than thirteen years old, and one count each of IDSI, aggravated indecent assault of a person less than sixteen years old, and endangering welfare of a child at Docket No. 1406-2020 and to all of the charges at Docket No. 1855-2020. In exchange, the Commonwealth withdrew the remaining charges at Docket No. 1406-2020.

---

[2] 18 Pa.C.S. §§ 3126(a)(7), 3125(a)(1), 3126(a)(1), 3125(a)(7), 3122.1(b), 3123(a)(7), 6318(a)(1), 3125(a)(8), 6301(a)(1)(ii), 4304(a), and 3126(a)(8), respectively.

[3] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

- 2 -

Before accepting Appellant's plea, the trial court conducted an on-the-record colloquy. During the oral colloquy, Appellant acknowledged that he understood, among other things, his right to a jury trial, the presumption of innocence, and the possible sentencing ranges for the charges. N.T. Plea Hr'g, 4/22/21, at 32-44. The Commonwealth stated the factual basis for Appellant's plea in both cases. *Id.* at 49-53, 55-58. Additionally, the trial court quoted from *In re J.R.*, 648 A.2d 28 (Pa. Super. 1994), explaining that Appellant's alleged conduct constituted IDSI. *Id.* at 27-28. Although Appellant appeared for the plea hearing by video, he stated that he had reviewed the written plea colloquy with his counsel, answered all of the questions truthfully, and authorized his counsel to sign it on his behalf. *Id.* at 46-47; *see also* Written Plea Colloquy, 4/21/21, at 1-5. In the written plea colloquy, Appellant confirmed that he understood the nature of the charges. Written Plea Colloquy at 2. At the conclusion of the hearing, the trial court accepted Appellant's plea in both cases. N.T. Plea Hr'g at 53-55, 58-60.

On August 24, 2021, the trial court sentenced Appellant to an aggregate term of thirteen to thirty years' incarceration followed by a term of nine years' probation.[4] The trial court also determined that Appellant was a sexually

---

[4] Specifically, at Docket No. 1406-2020, for count two, IDSI, the trial court sentenced Appellant to five-and-a-half to twenty years' incarceration followed by three years' probation. For count seven, aggravated indecent assault of a person less than sixteen years old, the trial court sentenced Appellant to a concurrent term of three to ten years' incarceration followed by three years' probation. For count eight, aggravated indecent assault of a person less than

violent predator and informed Appellant he was required to comply with sex offender registration under SORNA. *See* 42 Pa.C.S. § 9799.24.

Appellant filed a timely post-sentence motion requesting to withdraw his pleas, claiming that he did not understand the offenses to which he pled *nolo contendere*. The trial court denied Appellant's post-sentence motion. Appellant filed a single, timely notice of appeal that included both trial court docket numbers.[5] The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b), and Appellant did not file a Rule 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's request to

_____

thirteen years old, the trial court sentenced Appellant to a term of five to ten years' incarceration followed by three years' probation, consecutive to count seven. For count nine, aggravated indecent assault of a person less than thirteen years old, the trial court sentenced Appellant to a term of five to ten years' incarceration followed by three years' probation, consecutive to count eight. For count thirteen, endangering the welfare of a child, the trial court imposed a concurrent term of one to seven years' incarceration. *See* Sentencing Order, Docket No. 1406-2020, 8/24/21, at 1-2 (unpaginated).

At Docket No. 1855-2010, the trial court sentenced Appellant to concurrent terms of two to ten years' incarceration for each count of possession of child pornography. For count six, criminal use of a communication facility, the trial court imposed a concurrent term of one to seven years' incarceration. The aggregate sentence for Docket No. 1855-2010 ran concurrent to the aggregate sentence at Docket No. 1406-2020. *See* Sentencing Order, Docket No. 1855-2020, 8/24/21, at 1-3 (unpaginated).

[5] In our prior memorandum, we concluded that "a breakdown in court operations [occurred] such that we may overlook" any record deficiencies and declined to quash this appeal pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341. ***See Perry***, 2022 WL 2312461 at *2.

withdraw his plea, the trial court's jurisdiction, and the legality of Appellant's sentence.[6] **See** Trial Ct. Op. at 5-14.

On appeal, Counsel submitted a petition to withdraw and an **Anders**/**Santiago** brief. This Court denied the petition to withdraw and directed Counsel to either file an amended **Anders**/**Santiago** brief or an advocate's brief. **Commonwealth v. Perry**, 1359 WDA 2021, 2022 WL 2312461 at *4 (Pa. Super. filed June 28, 2022) (unpublished mem.).

Counsel subsequently filed an amended **Anders**/**Santiago** brief and another petition to withdraw as counsel. Although not included in the statement of questions,[7] Counsel's amended **Anders**/**Santiago** brief identifies three potential issues concerning Appellant's *nolo contendere* plea: (1) the trial court's jurisdiction, (2) the validity of the plea, and (3) the legality of the sentence. Am. **Anders**/**Santiago** Brief at 8-10.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical

---

[6] The trial court also noted that any claims of ineffective assistance of counsel that Appellant might seek to raise should be deferred to PCRA review. Trial Ct. Op. at 14.

[7] We note that although Counsel did not include these issues in the statement of questions, it does not preclude review, as we would have nonetheless addressed these issues when conducting our independent review of the record. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015).

requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Flowers**, 113 A.3d at 1250 (citation and footnote omitted).

Here, Counsel filed an amended petition to withdraw indicating that he reviewed the record and determined that an appeal is frivolous and without merit. Counsel also filed a copy of the letter he sent to Appellant, which indicates that Counsel sent Appellant a copy of the amended *Anders*/*Santiago* brief and advised Appellant that he may proceed *pro se* or retain private counsel to raise any additional issues he believes should be brought to this Court's attention.[8] Accordingly, we conclude that Counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues Counsel identified in the amended *Anders*/*Santiago* brief.

### Jurisdiction

First, with respect to jurisdiction, Counsel notes that because the offenses occurred in Beaver County, there is nothing in the record to indicate that the Beaver County Court of Common Pleas lacked jurisdiction over Appellant's cases. Am. *Anders*/*Santiago* Brief at 8.

Initially, we note that "[i]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Lewis*, 791 A.2d 1227, 1230 (Pa. Super. 2002) (citations omitted). "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290

---

[8] Appellant did not file a response to Counsel's amended petition to withdraw.

(Pa. Super. 2017) (citation omitted). A guilty plea "constitutes a waiver of jurisdiction over the person of the defendant." ***Commonwealth v. Little***, 314 A.2d 270, 272 (Pa. 1974). However, subject matter jurisdiction cannot be waived. ***Id.*** at 272-73.

Whether a court has subject matter jurisdiction is a question of law and, therefore, our standard of review is *de novo*. ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction as it relates to criminal defendants: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. ***Id.*** at 210 (citation omitted). "[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code[.]" ***Id.*** (citation omitted); ***see also Commonwealth v. Kohler***, 811 A.2d 1046, 1050 (Pa. Super. 2002) (holding that a county court of common pleas has jurisdiction over offenses that take place within its borders).

Here, the Beaver County Court of Common Pleas was competent to hear Appellant's case, which involved violations of the Pennsylvania Crimes Code occurring in Beaver County. ***See Jones***, 929 A.2d at 210; ***Kohler***, 811 A.2d at 1050. Further, the record reflects that Appellant received specific and formal notice of the charges, including the allegation that they occurred in Beaver County, when the Commonwealth filed the criminal informations. ***See*** Criminal Information, Docket No. 1406-2020, 10/5/20, at 1 (unpaginated); Criminal Information, Docket No. 1855-2020, 12/29/20, at 1 (unpaginated).

Therefore, the trial court had jurisdiction over Appellant's case, and Appellant is not entitled to relief on this claim.

## Validity of Plea

Counsel next discusses the validity of Appellant's *nolo contendere* plea. Am. **Anders**/**Santiago** Brief at 9-10. Counsel notes that Appellant completed a written plea colloquy indicating that he understood the charges to which he was pleading *nolo contendere*. **Id.** at 9. Counsel also observes that during the oral plea colloquy, Appellant acknowledged the rights he was giving up and stated that he was entering his pleas voluntarily. **Id.** at 10. Counsel concludes that there is nothing to indicate that Appellant's pleas were invalid.

The principles governing our review are well settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." **Commonwealth v. Pardo**, 35 A.3d 1222, 1227 (Pa. Super. 2011) (citation omitted); **see also Lewis**, 791 A.2d at 1230 (noting that for purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty).

This Court has explained:

> Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and footnote omitted and formatting altered); *see also Lewis*, 791 A.2d at 1230-31 (stating that "as with a guilty plea, in order for a defendant to prevail on a post sentence motion to withdraw a plea of *nolo contendere,* requires that the defendant demonstrate manifest injustice").

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted); *see also* Pa.R.Crim.P. 590, cmt. (setting forth a non-exhaustive list of questions a trial judge should ask before accepting a plea).

Further, nothing in Rule 590 "precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted). "In

- 10 -

determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea." *Id.* at 1212 (citation omitted and formatting altered). Further, a "defendant is bound by statements he makes during plea colloquy, and may not assert grounds for withdrawing plea that contradict statements made when he pleaded guilty". *Reid*, 117 A.3d at 783 (citation omitted).

Here, the trial court addressed Appellant's claim as follows:

[Appellant's] claim that he did not understand the nature of the charges is belied by the record. After defense counsel advised that [Appellant] claimed that did he did not understand the nature of [IDSI]—specifically whether his admission that he licked the child victim's vagina constitutes that offense—the court cited case law explaining that "oral contact with the genitalia of the female victim is all that is required." [Appellant's] understanding of the nature of all of the offenses to which he pled was memorialized in a [written plea colloquy] that included the following items:

Do you understand that you are here today to enter a plea of *nolo contendere* to some or all of the criminal charges filed against you? <u>Yes</u>

Do you understand the nature of the charge(s) to which you are pleading *nolo contendere*? <u>Yes</u>

Has your attorney explained to you the elements of the criminal offense(s) to which you are pleading *nolo contendere*? <u>Yes</u>

[Written Plea Colloquy], 4/22/21, at 2. [Appellant] cannot now claim that the answers on the [written plea colloquy] were untruthful.

Trial Ct. Op. at 9-10 (some citations omitted and formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's post-sentence motion to withdraw his

- 11 -

pleas. *See Hart*, 174 A.3d at 664-65. Appellant is bound by his statements during the colloquy, which demonstrate that he knowingly, voluntarily, and intelligently entered his pleas. *See* N.T. Plea Hr'g at 32-44; Written Plea Colloquy at 1-5; *see also Reid*, 117 A.3d at 783. Further, the totality of the circumstances surrounding the pleas supports the trial court's conclusion that Appellant's pleas were valid and that there was no manifest injustice. *See Hart*, 174 A.3d at 664. Therefore, Appellant is not entitled to relief on this claim.

### Legality of Sentence

Lastly, Counsel discusses the legality of Appellant's sentence. *Anders*/*Santiago* Brief at 9. Counsel concludes that there is nothing in the record to indicate that Appellant's sentence is illegal. *Id.*

"If no statutory authorization exists for a particular sentence, that sentence is illegal and . . . . must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal." *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013) (citations omitted). Issues relating to the legality of a sentence are questions of law, therefore, our standard of review is *de novo* and our scope of review is plenary. *Id.* (citations omitted).

Section 1103 of the Pennsylvania Crimes Code provides the following maximum penalties: twenty years' imprisonment for a felony of the first degree; ten years' imprisonment for a felony of the second degree; and seven years' imprisonment for a felony of the third degree. 18 Pa.C.S. § 1103(1)-(3). Further, a person convicted of any offense enumerated in 42 Pa.C.S. §

- 12 -

9799.14(d) "shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court."[9] 42 Pa.C.S. § 9718.5(a). The sentencing court may impose that mandatory term of probation "in addition to the maximum sentence permitted for [any eligible] offense for which the defendant was convicted." 42 Pa.C.S. § 9718.5(b).

Additionally, aggravated indecent assault of a person less than thirteen years old carries a mandatory minimum sentence of five years' incarceration. 42 Pa.C.S. § 9718(a)(3). Our Supreme Court has held that a mandatory minimum sentence under Section 9718(a)(3) is constitutional. ***Commonwealth v. Resto***, 179 A.3d 18, 20 (Pa. 2018) (plurality) (concluding that Section 9718(a)(3) does not implicate ***Alleyne v. United States***, 570 U.S. 99 (2013)).

Here, at Docket No. 1406-2020, Appellant pled guilty to IDSI, a felony of the first degree, three counts of aggravated indecent assault, felonies of the second degree, and endangering welfare of a child, which was graded as a felony of the third degree in the instant case. ***See*** 18 Pa.C.S. §§ 3123(a), 3125(c)(1), and 4304(b)(1)(ii), respectively. At Docket No. 1855-2020, Appellant pled guilty to five counts of possession of child pornography, graded as felonies of the second degree in the instant case, and one count criminal

---

[9] IDSI and aggravated indecent assault are enumerated in Section 9799.14(d). ***See*** 42 Pa.C.S. § 9799.14(d)(4)-(5).

use of communications facility, a felony of the third degree. ***See*** 18 Pa.C.S. §§ 6312(d.1)(3) and 7512(a), respectively.

Appellant's individual sentences do not exceed the statutory maximum for any offense. ***See*** 18 Pa.C.S. § 1103(1)-(3); ***see also*** 42 Pa.C.S. § 9718.5(b) (providing that the mandatory probation term required by Section 9718.5(a) may be imposed in addition to the otherwise maximum permissible sentence). Additionally, the mandatory minimum sentences of five years' incarceration for counts eight and nine are constitutional. ***See Resto***, 179 A.3d at 20. Therefore, Appellant is not entitled to relief on this claim. ***See Infante***, 63 A.3d at 363.

For these reasons, we agree that the appellate issues presented in the ***Anders***/***Santiago*** brief are frivolous. Further, our independent review of the record does not reveal any additional, non-frivolous issues. ***See Goodwin***, 928 A.2d at 291; ***Flowers***, 113 A.3d at 1250. For these reasons, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/26/2022

- 14 -