**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MITCHELL RIGGLE | : | |
| | : | |
| Appellant | : | No. 870 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001480-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN RIGGLE | : | |
| | : | |
| Appellant | : | No. 871 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001378-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN RIGGLE | : | |
| | : | |
| Appellant | : | No. 872 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000886-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| JOHN MITCHELL RIGGLE | : |  |
|  | : |  |
| Appellant | : | No. 873 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001377-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| JOHN RIGGLE | : |  |
|  | : |  |
| Appellant | : | No. 874 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001362-2023

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: July 31, 2025**

John Riggle ("Riggle") appeals from the judgments of sentence imposed following his guilty pleas to numerous crimes at four dockets and his stipulation to a probation violation at a fifth docket. Additionally, Riggle's court-appointed counsel, Rose A. Semple, Esquire ("Attorney Semple"), has filed a petition to withdraw and accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). We grant Attorney Semple's petition and affirm the judgments of sentence.

- 2 -

At dockets 1377-2023, 1378-2023, and 1480-2023, the Commonwealth charged Riggle with numerous offenses for selling cocaine on three separate occasions to a confidential informant who called Riggle's cellphone to arrange each transaction.[1]  At docket 1362-2023, the Commonwealth charged Riggle with several offenses after he wrecked his vehicle while intoxicated and then attempted to flee the scene.[2]  At docket 886-2011, the Commonwealth sought revocation of Riggle's probation for his 2011 robbery conviction based on these offenses.[3]  Riggle entered open guilty pleas to all charges and stipulated to the probation violation, with no agreement as to sentencing.  The trial court deferred sentencing at all five dockets pending the preparation of a presentence investigation report ("PSI").

On June 27, 2024, the trial court sentenced Riggle to an aggregate term of nine to twenty years of incarceration.  Riggle did not file a post-sentence motion in relation to any of his sentences.  Thereafter, the trial court granted

_____

[1] The Commonwealth charged Riggle at each of these dockets with the same three charges: possession with intent to deliver, possession of controlled substance, and criminal use of communication facility.  *See* 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 7512(a).

[2] The Commonwealth charged Riggle at this docket with flight to avoid apprehension, obstructing administration of law enforcement, resisting arrest, false identification, driving under the influence, restrictions on alcoholic beverages, and careless driving.  *See* 18 Pa.C.S.A. §§ 5126, 5101, 5104, 4914; 75 Pa.C.S.A. §§ 3802(a)(1), 3809, 3714.

[3] Riggle requested that the trial court consolidate the revocation proceedings with the guilty pleas he entered at the other four dockets.  *See* N.T., 3/21/24, at 3.

a petition to withdraw filed by Riggle's plea counsel, and appointed Attorney Semple as replacement counsel. On July 22, 2024, Attorney Semple entered her appearance and filed separate, timely notices of appeal at each docket. Both Riggle and the trial court complied with Pa.R.A.P. 1925. This Court *sua sponte* consolidated the appeals. In this Court, Attorney Semple filed a petition to withdraw from representation and an **Anders** brief.

Before we may address the merits of the issues raised in the **Anders** brief, we must first assess the petition to withdraw to determine whether it meets certain procedural requirements. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An **Anders** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the **Anders** brief to the client, and a letter that advises the client of the right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of this Court's attention in addition to the points raised by counsel in the **Anders** brief. *See Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014). If counsel has substantially satisfied these requirements, this

Court will then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*) (*quoting Anders*, 386 U.S. at 744); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (permitting merits review where counsel's brief substantially, if not perfectly, complies with *Anders*).

Here, in the *Anders* brief, Attorney Semple set forth the factual and procedural history of the cases with citations to the record, identified three issues that could be raised on appeal following an open guilty plea, and concluded with accompanying legal analysis that any appeal would be frivolous. *See Anders* Brief at 8-9, 11-13. In the petition to withdraw, Attorney Semple stated that she conducted a conscientious examination of the record and concluded that an appeal would be frivolous. *See* Petition to Withdraw, 4/16/25, at unnumbered 1. Finally, Attorney Semple sent Riggle a letter to which she appended the *Anders* brief and the petition to withdraw, and in which she informed Riggle of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deemed worthy of this Court's attention. *See* Letter, 4/10/25.[4] Thus, we conclude that Attorney Semple

---

[4] We note that, in her letter, Attorney Semple incorrectly informed Riggle that he could petition this Court to appoint another attorney to help him with his appeal. This Court has denied a petition to withdraw where *Anders* counsel's letter incorrectly advised the client that he had a "right" to new counsel. *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005) (denying

*(Footnote Continued Next Page)*

has substantially complied with the requirements of **Anders** and **Santiago**, and we will proceed to conduct our independent review of the record to determine whether the appeal is frivolous.

In the **Anders** brief, Attorney Semple does not identify any issues for review in the statement of questions presented, listing instead our ultimate determination: "Are there any issues that [Riggle] could raise on appeal that are not wholly frivolous?" **Anders** Brief at 7. However, within the argument section the **Anders** brief, Attorney Semple discusses three issues that may be raised on appeal from an open guilty plea: (1) a challenge to the discretionary aspects of sentence; (2) a challenge to the legality of sentence; and (3) a challenge to the subject matter jurisdiction of the trial court. **See Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994) (recognizing that "where there have been no sentencing restrictions in a plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing"); **see also Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468 (Pa. Super. 2017) (explaining that, by

_____

application to withdraw where letter informed Millisock of his "right" to new counsel because that wording "incorrectly implies that [Millisock] is entitled to different court-appointed counsel"). However, in her letter, Attorney Semple merely suggested that this Court would consider directing the appointment of new counsel at our discretion. Significantly, unlike the defective statement in **Millisock**, the statement here did not imply a legal entitlement to different court-appointed counsel. Moreover, at the time of this writing, several months have elapsed and Riggle has not requested replacement counsel. Accordingly, as Attorney Semple's letter is compliant in all other respects, we decline to deny the petition to withdraw on this basis. **See Wrecks**, 934 A.2d at 1290.

entering a plea of guilty, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea).

When challenging the discretionary aspects of a sentence, there is no automatic right to a review of such claims by this Court. **See Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*). Instead, an appellant seeking to challenge the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying each of the following requirements:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b).

**Id**. at 328 (citation omitted).

Here, although Riggle filed a timely notice of appeal at each docket, he did not raise a discretionary sentencing claim at his sentencing hearing or file a post-sentence motion preserving a discretionary sentencing claim at any of the five dockets. Thus, any discretionary sentencing claim is waived for purposes of these appeals. **See Commonwealth v. Thompson**, 333 A.3d 461, 468 (Pa. Super. 2025) (explaining that, in the **Anders** context, where an appellant failed to preserve his challenge to the discretionary aspects of his sentence, any discretionary sentencing claim on appeal would be frivolous).

Accordingly, we conclude that any challenge to the discretionary aspects of Riggle's sentences is wholly frivolous.[5]

A challenge to the legality of sentence is non-waivable and may be raised for the first time on appeal. **See Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (Pa. Super. 2007) (*en banc*) (holding that a challenge to the legality of the sentence may be raised on appeal as a matter of right, is non-waivable, and may be entertained as long as the reviewing court has jurisdiction).[6] Issues relating to the legality of a sentence present questions of law for which our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Ramos**, 197 A.3d 766, 768-69 (Pa. Super. 2018). If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated. **See id**.

Attorney Semple concludes that there is no basis to challenge the legality of the sentences imposed because each individual sentence was within the statutory limits. Accordingly, she concludes that any challenge to the legality of the sentences would be frivolous. **See Anders** Brief at 12.

---

[5] In the **Anders** brief, Attorney Semple failed to discern that any discretionary sentencing claim was waived on appeal. Instead, she concluded that a challenge to the discretionary aspects of Riggle's sentences would be frivolous because each of the sentences fell in or below the standard range of the sentencing guidelines, the sentences were imposed to run concurrently, the trial court did not rely on any impermissible factors in imposing the sentences, and the trial court had the benefit of a PSI — which permits this Court to presume that the trial court weighed all mitigating factors. **See Anders** Brief at 11-12.

[6] Riggle did not raise any challenge to the legality of his sentences in the trial court or in his Rule 1925(b) concise statement.

Based on our review, we conclude that any challenge to the legality of Riggle's sentences would be frivolous, as each sentence imposed fell at or below the standard range of the sentences guidelines and was within the applicable statutory limits.

With respect to the jurisdiction of the trial court, by entering a guilty plea, a defendant waives all challenges to the court's jurisdiction over the person of the defendant. *See Commonwealth. v. Little*, 314 A.2d 270, 272 (Pa. 1974). However, a defendant can never waive subject matter jurisdiction, and the defendant or the court may raise it at any stage in the proceedings. *See id*.[7] Any challenge to a court's subject matter jurisdiction presents a question of law and, therefore, our review is *de novo. See Commonwealth v. Jones*, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction as it relates to criminal defendants: (1) the competency of the court to hear the case; and (2) the provision of specific and formal notice to the defendant of the crimes charged. *See id*. at 211-12.

Attorney Semple points out that any challenge to the jurisdiction of the trial court would be frivolous because all crimes took place within the borders of Washington County. *See Anders* Brief at 12-13.

Based on our review, we conclude that any challenge to the jurisdiction of the trial court would be frivolous. The Washington County Court of Common

---

[7] Riggle did not raise any challenge to subject matter jurisdiction in the trial court or in his Rule 1925(b) concise statement.

Pleas, Criminal Division, was competent to hear Riggle's cases, which involved violations of the Pennsylvania Crimes Code occurring in Washington County. *See Commonwealth v. Kohler*, 811 A.2d 1046, 1050 (Pa. Super. 2002) (holding that a county court of common pleas has jurisdiction over offenses that take place within its borders); *see also* Pa. Const. art. V, § 5 (providing court of common pleas with unlimited original jurisdiction, except where otherwise provided by law).

Moreover, our review of the record reveals that Riggle received specific and formal notice of the charges that he was facing when the Commonwealth filed the criminal complaints, criminal informations, and the petition for revocation. *See* Criminal Complaint, 9/5/23 (for docket 1362-2023); *see also* Criminal Information, 10/17/23 (for docket 1362-2023); Criminal Complaint, 9/5/23 (for docket 1377-2023); *see also* Criminal Information, 10/17/23 (for docket 1377-2023); Criminal Complaint, 9/5/23 (for docket 1378-2023); *see also* Criminal Information, 10/17/23 (for docket 1378-2023); Criminal Complaint, 9/21/23 (for docket 1480-2023); Criminal Information, 10/17/23 (for docket 1480-2023); Petition for Revocation, 10/3/23, at 1-3 (for docket 886-2011). Accordingly, we conclude that the trial court had subject matter jurisdiction over Riggle's cases, and any challenge to such jurisdiction would be frivolous.

Further, although not raised in the *Anders* brief, our review confirms that the trial court questioned Riggle about his written plea colloquy and engaged him in an on-the-record oral colloquy prior to accepting his guilty

- 10 -

pleas and stipulation to a probation violation. **See** Written Guilty Plea Colloquy, 3/26/24, at 1-10 (for dockets 1362-2023, 1377-2023, 1378-2023, and 1480-2023); **see also** Written Guilty Plea Colloquy, 3/26/24, at 1-10 (for docket 886-2011); N.T. (Guilty Plea), 3/21/24, at 14-16. Thus, we conclude that any challenge to the validity of Riggle's guilty pleas and stipulation to a probation violation would be frivolous.

Finally, our independent review of the record discloses no non-frivolous issue that counsel may have missed. **See Dempster**, 187 A.3d at 281. Accordingly, we grant Attorney Semple's petition to withdraw and affirm Riggle's judgments of sentence.

Petition to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/31/2025